## MATTER OF YACHT "SANDPIPER"

### In Fine Proceedings

### MIA-10/12.378

*Decided by Board January 23, 1975*

The involved carrier pleaded guilty to criminal charges which related to the transportation of the same aliens involved in this civil fine proceeding. Carrier contends that imposition of fine under section 273 of the Immigration and Nationality Act would result in a double penalty for the same offense. The mere fact that the same conduct gives rise to both a civil and criminal penalty does not equate with the imposition of a double fine. The decision of the district director was correct.

IN RE: YACHT *"SANDPIPER"*, which arrived at the port of Miami, Florida, from foreign on August 26, 1973. Alien passengers involved: Jose Villamil-Rodriguez, Antonio Perez-Lopez, Maria Emilia Marti-Del Toro, Lidia Morales-Bernal and Lidia Miguez-Lugones.

BASIS FOR FINES: Act of 1952—Section 273(b) [8 U.S.C.1323(b)]

ON BEHALF OF APPELLANT: Steadman S. Stahl, Jr., Esquire
Varon, Stahl and Kay, P.A.
2432 Hollywood Boulevard
Hollywood, Florida 33020

In a decision dated November 23, 1973, the district director imposed a fine of $5,000 upon the carrier under section 273(b) of the Immigration and Nationality Act for five violations of section 273(a) of the Act. The district director also denied the carrier's request for remission of the fine. The carrier has appealed from that decision. The appeal will be dismissed.

Our review of the record satisfies us that the carrier's liability for the fine has been established and that the district director properly denied the carrier's request for remission of the fine.

Counsel has informed us that the carrier has entered a plea of guilty to criminal charges stemming from his transportation of the alien passengers involved in these fine proceedings. Counsel contends that if the carrier is fined for both the criminal violation and the section 273 violation, he will be subjected to a double penalty for the same offense.

Counsel's contention is without merit. An administrative fine, under section 273 is a civil obligation and is entirely separate and distinct from

172

any punishment imposed for violation of the criminal law. See *Lloyd Sabaudo Societa Anonima* v. *Elting*, 287 U.S. 329 (1932); *Oceanic Steam Navigation Co.* v. *Stranahan*, 214 U.S. 320 (1909). The mere fact that the same incident may give rise to both civil liability under section 273 and criminal liability under the criminal provisions of the Act does not equate with the imposition of a double fine for the same violation.

The district director's decision was correct. The appeal will be dismissed.

ORDER: The appeal is dismissed.